UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
M.L. KING, JR. FEDERAL BUILDING
50 WALNUT ST., 3RD FLOOR
NEWARK, NEW JERSEY 07102

DONALD H. STECKROTH                                                                                    (973) 645-4693
BANKRUPTCY JUDGE                                                                                    Fax: (973) 645-2606

**FILED**
JAMES J. WALDRON, CLERK

SEPT 14, 2005

U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY: s/ Ronnie Plasner ,
DEPUTY

**NOT FOR PUBLICATION**

September 14, 2005

Richard P. Minteer, Esq.
131 Bridgeboro Street
Riverside, New Jersey 08075

Jordan A. Wishnew, Esq.
Forman Holt & Eliades, LLC
218 Route 17 North
Rochelle Park, New Jersey 07662

      **Re:**   *In re Hong Han*
            **Case No.: 05-11918 (DHS)**

Dear Counsel:

      Before the Court is a motion filed by Countrywide Home Loans, Inc. styled as a "Motion for Reconsideration of Motion for Entry of Order Modifying Claim No. 9 of Countrywide Home Loans, Inc." The motion for reconsideration has been objected to by the Debtor, Hong Han. For the reasons that follow, the motion filed by Countrywide Home Loans, Inc. (hereinafter "Countrywide") is hereby denied.

Page 2
September 14, 2005

I.  **Procedural Background**

The Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code on January 21, 2005. On February 25, 2005, the law firm of Fein, Such, Kahn & Shepard, P.C. (hereinafter "Fein Such") advised the Debtor's counsel via e-mail that it represented Countrywide in this bankruptcy case. On May 12, 2005, Countrywide filed a proof of claim in the Debtor's Chapter 11 case. On the proof of claim form, Countrywide provided that notices should be sent to the following address: Countrywide Home Loans, Inc., 7105 Corporate Drive, PTX-B-35, Plano, Texas 75024. Countrywide holds a first priority lien on the Debtor's real property in the total amount of $4,026,517.66.

On July 11, 2005, the Debtor filed a motion to modify the claim of Countrywide (hereinafter the "Claims Motion"). The Debtor served Countrywide with a copy of the motion at the address listed on its proof of claim. Moreover, the Debtor also served a copy of the motion upon Mario Serra, Esq. of the law firm of Fein Such. On July 25, 2005, the law firm of Fein Such filed a formal Notice of Appearance in the Debtor's Chapter 11 case.

Within days of filing the motion to modify the claim of Countrywide, the Debtor also filed a motion to sell his real property, returnable on August 9, 2005 (hereinafter the "Sale Motion"). On the return date of the Sale Motion, two attorneys appeared on behalf of Countrywide - - an attorney from Fein Such as well as Scott Sherman, Esq. from Minion & Sherman.[1] According to the Debtor's counsel, on the return date of the Sale Motion both attorneys representing Countrywide "reviewed the form of order which [the] Debtor's counsel submitted to" this Court. The form of order with respect to the Sale Motion provided as follows: "Countrywide Home Loan, Inc. shall be paid the sum of $3,751,887.51 . . . which is the amount due through 8/17/05 at the time of closing in full satisfaction of the September 15, 2003 Final Judgment by Foreclosure." This Court authorized the sale of the Debtor's real property by Order dated August 9, 2005.

On July 25, 2005, Mario Serra, Esq., on behalf of Countrywide, filed an objection to the Debtor's Claims Motion to modify Countrywide's claim. In addition, on August 6, 2005, Scott Sherman, Esq. also filed an objection on behalf of Countrywide with respect to the Claims Motion. The Claims Motion and the objections were resolved by way of a consent order between the Debtor and Countrywide which was entered by the Court on August 26, 2005. The consent order was executed by Fein Such on behalf of Countrywide. The consent order, which Countrywide's motion requests to be reconsidered, included nearly identical language to the form of order with respect to the Sale Motion. The consent order provided as follows: "ORDERED that Claim No. 9 filed by Countrywide . . . shall be fixed in the amount of $3,751,887.51, which

---

[1] According to the motion filed by Countrywide, Fein Such represented Countrywide in its foreclosure efforts while Scott Sherman, Esq. was Countrywide's bankruptcy counsel.

Page 3
September 14, 2005

is the amount due through 8/17/05 in full satisfaction of the September 15, 2003 Final Judgment by Foreclosure . . . ."

In support of its motion for reconsideration, Countrywide submits the following:

> The motion is based upon an unauthorized representation as well as an unauthorized agreement to the terms of [the] Debtor's motion by the firm of Fein, Such, Kahn & Shepard on behalf of [Countrywide]. As a result of the unauthorized representation and agreement, [Countrywide] has been severely prejudiced in that its opposition to the entry of the order filed by Minion and Sherman was not heard
> resulting in the entry of an order which will pay [Countrywide] interest substantially less than the proper amount.
>
> Throughout the pre-foreclosure events [Countrywide] accrued interest on its judgment under New Jersey law which fluctuated between 4% and 5%. However, on September 17, 2004, either through agreement or an order from the State Court of New Jersey, in consideration for [Countrywide] adjourning its sale of the Property, [Countrywide] was to receive 9.25% on its judgment. [Countrywide] contends that it is entitled to continue to accrue interest at the same 9.25% in the bankruptcy as it was ordered by the New Jersey State Court.
>
> [Countrywide] was prevented from making this argument by their authorized counsel Minion and Sherman. On the day of the hearing, Scott Sherman arrived in court only to find that counsel from Fein, Such, Kahn & Shepard without authorization from [Countrywide] had agreed to accept a lesser interest of 3% instead of the 9.25% ordered by the New Jersey State Court.
>
> Apparently, the firm of Fein, Such, Kahn & Shepard, [Countrywide's] foreclosure counsel, in an effort to protect [Countrywide's] interest, although unauthorized appeared on behalf of [Countrywide].  Fein, Such, Kahn & Shepard is not [Countrywide's] bankruptcy counsel and was not aware that Fein, Such, Kahn & Shepard was going to appear on [its] behalf.

Countrywide claims the "confusion" stemmed from the fact that the Debtor's Claims Motion "was served improperly." According to Countrywide, "the Debtor apparently mailed the Subject Motion to the payment lockbox address for [Countrywide]." As a result of the mailing to the lockbox address, Countrywide claims that it was "precluded from proper representation of counsel" (despite having two (2) attorneys at the

Page 4
September 14, 2005

Claims Motions) and argues that service of the motion failed to conform with Federal Rule of Bankruptcy Procedure 9014 and Federal Rule of Civil Procedure 5(b).

Against this background, the Court will turn to its legal conclusions.

## II.    Discussion

A court should grant a motion for reconsideration when the moving party shows one of three circumstances: 1) there is newly available evidence; 2) there is a need to correct a clear error of law or prevent manifest injustice; and 3) there is an intervening change in the controlling law. In re Cent. Jersey Airport Servs., LLC, 282 B.R. 176, 182 (Bankr. D.N.J. 2002)(citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A bankruptcy court has discretion to either grant or deny a moving party's motion for reconsideration. In re Christie, 222 B.R. 64, 68 (Bankr. D.N.J. 1998)(citation omitted).

In determining whether to grant a motion for reconsideration, a court must take several guiding principles into consideration. In satisfying its burden of demonstrating the need for reconsideration, the moving party must set forth "'concisely the matters or controlling decisions which the counsel believes the court has overlooked.'" In re Christie, 222 B.R. at 67 (quoting Database Am., Inc. v. Bellsouth Adver. & Publ'g Corp., 825 F. Supp. 1216, 1219 (D.N.J. 1993). A motion for reconsideration cannot be used as a "'vehicle to reargue the motion or to present evidence which should have been raised before.'" Id. at 68 (quoting Database, 825 F. Supp. at 1220). That is, a motion for reconsideration should not provide the parties with an opportunity for a "second bite at the apple." Id. at 67 (citing Database, 825 F. Supp. at 1220). Further, the moving party must show more than "'mere disagreement with the court's decision and recapitulation of the cases and arguments considered by the court before rendering its original decision.'" Id. at 68 (quoting Database, 825 F. Supp. at 1220). A motion for reconsideration will only be granted if the moving party has provided the court with dispositive factual matters or controlling decisions of law which were overlooked. In re Engel, 190 B.R. 206, 211-12 (Bankr. D.N.J. 1995). A reconsideration motion is inappropriate to be used to reargue positions previously made or to otherwise ask the court to rethink issues already considered, rightly or wrongly. Id. at 212 (citing Resorts Int'l v. Greate Bay Hotel & Casino, 830 F. Supp. 826 (D.N.J. 1992)). Finally, a motion for reconsideration is an extraordinary remedy that should be used "sparingly" and limited to exceptional circumstances. In re Christie, 222 B.R. at 68 (citing Lony v. E.I. DuPont de Nemours & Co., 935 F.2d 604, 608 (3d Cir. 1991)).

As the Debtor correctly argues, Countrywide has failed to satisfy the standard for granting a motion for reconsideration. Most notably, Countrywide failed to brief, albeit even raise, the standard for granting a motion for reconsideration, and failed to argue or seek to establish any of the grounds for granting a motion for reconsideration. Countrywide's motion should be, and is, denied on this basis alone.

Page 5
September 14, 2005

Moreover, as the Debtor also notes, the motion must be denied because the facts contained in the record refute Countrywide's unsworn allegations.[2] Specifically, Fein Such was Countrywide's counsel of record in this bankruptcy proceeding by virtue of, among other things, its filing of a notice of appearance in this case on behalf of Countrywide. The Claims Motion was properly served at the address provided by Countrywide in its proof of claim <u>and</u> on its counsel of record – Fein Such. As a result, the adequacy of the service of the Claims Motion cannot be questioned and Fein Such is counsel of record for Countrywide as no substitute notice of appearance has been filed.

### III.    Conclusion

Based upon the foregoing, the motion for reconsideration filed by Countrywide be and hereby is denied.

                  Very truly yours,

                  s/    Donald H. Steckroth

                  DONALD H. STECKROTH
                  UNITED STATES BANKRUPTCY JUDGE

---

[2] On September 8, 2005, counsel for Countrywide belatedly filed with the Court the Certification of Selena Denise Wiandt, Vice President, Bankruptcy, for Countrywide. The certification was filed only days before the hearing and after the Debtor had filed its opposition to this motion. This certification actually supports the Debtor's objection, insofar as it states one of Countrywide's Bankruptcy Specialists, Carmen Valdivia, provided written confirmation via email to Fein Such on July 22, 2005 authorizing the firm to file an objection on behalf of Countrywide. This communication, authorized or not, does not transform a mistake committed by Countrywide into a basis for reconsidering this Court's prior order. It is also noted that the certification acknowledges that Scott Sherman, Esq. was authorized to file an objection, which he did. Mr. Sherman, Countrywide's "acknowledged" counsel, was present at the hearing and did not object to the consent order Countrywide now complains of.